**DLD-194**                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1254
_____

IN RE:  JASON SHEPPARD,
                                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Nos. 2-10-cr-00119 and 2-15-cv-01402)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 24, 2016

Before:  CHAGARES, GREENAWAY, JR. and SLOVITER[1], Circuit Judges

(Opinion filed: May 3, 2016)
_____

OPINION*
_____

PER CURIAM

     Jason Sheppard, proceeding pro se, has filed a petition for a writ of mandamus

compelling the United States District Court for the Western District of Pennsylvania to

---

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

refer his claims of criminal wrongdoing to a grand jury for investigation. For the reasons that follow, we will deny the mandamus petition.

In August 2011, Sheppard pleaded guilty in District Court to one count of wire fraud. The District Court granted a motion by Sheppard's lawyer, Gary Gerson, to withdraw as counsel. Represented by new counsel, Sheppard was sentenced to 55 months in prison and ordered to pay more than $1.5 million in restitution. Sheppard filed a direct appeal but sought to withdraw the appeal after the Government moved to enforce the appellate waiver in the plea agreement. The appeal was dismissed.

In November 2013, Sheppard filed a motion pursuant to 28 U.S.C. § 2255 in District Court claiming that Gerson had failed to adequately review the plea agreement with him. The District Court granted the Government's motion to dismiss the § 2255 motion based on the waiver of collateral review in the plea agreement.

We denied Sheppard's motion for a certificate of appealability. In our order, we also denied Sheppard's request for a remand to District Court to raise a new claim that Gerson had a conflict of interest when he represented him. Sheppard claimed that Gerson represented his former employee in a driving-under-the-influence matter and that this individual provided information about him to the FBI. In denying a remand, we explained that Sheppard had already raised this claim in a second § 2255 motion, that the District Court had denied the motion as second or successive, and that Sheppard did not appeal. We also stated, among other things, that Sheppard had not shown that his new

2

claim had sufficient merit to warrant a remand in the interests of justice.  See C.A. No. 14-1829, 2/5/15 Order.

In addition to the second § 2255 motion filed during the pendency of his appeal, Sheppard filed two more § 2255 motions in District Court asserting that Gerson had a conflict of interest and that the Assistant United States Attorney, who allegedly knew about the conflict, engaged in prosecutorial misconduct.  The District Court ruled that these motions were unauthorized second or successive § 2255 motions.  Sheppard did not appeal the denial of his third § 2255 motion.  We denied Sheppard's request for a certificate of appealability related to the dismissal of his fourth § 2255 motion.  See C.A. No. 15-2670.  We also denied a motion by Sheppard for leave to file a second or successive § 2255 motion raising his conflict of interest claim.  See C.A. No. 15-3709. Undeterred, Sheppard has continued to seek relief in District Court based on the alleged conflict of interest and prosecutorial misconduct.

Sheppard now seeks a writ of mandamus compelling District Judge Maurice Cohill, Jr., who presided over his criminal proceedings, to refer his allegations to a grand jury for investigation.[2]  Sheppard contends that Gerson's client provided information to the FBI in exchange for the dismissal of her DUI charge.  He asserts that the FBI agents and the Assistant United States Attorney knew about the conflict of interest and that the

---

[2]Sheppard filed his mandamus petition in District Court and it was transferred to this Court.  The District Court ruled that it could not issue a writ directed to a judge of co-equal jurisdiction.  The District Court further stated that, to the extent Sheppard asked it to refer his allegations to a grand jury, it declined to do so, assuming that it could.

Assistant United States Attorney did not disclose this information to him during his criminal proceedings. Sheppard claims that a criminal conspiracy resulted in an illegal indictment and that Judge Cohill knows about the conspiracy.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141.

Sheppard does not expressly state in his petition that he asked Judge Cohill to refer his allegations to a grand jury. However, assuming that he did, and assuming that Judge Cohill has the authority to refer such allegations to a grand jury, Sheppard has not shown that Judge Cohill has a duty to do so here. Sheppard has merely re-framed his conflict of interest claim and allegations of prosecutorial misconduct, raised numerous times before, into a claim of criminal wrongdoing. Sheppard has not shown a clear and indisputable right to the issuance of a writ.

Accordingly, we will deny the petition for a writ of mandamus.

4