DLD-264                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1845
_____

IN RE:  JASON SHEPPARD,
                                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. Action No. 2-10-cr-00119-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: June 13, 2017)
_____

OPINION*
_____

PER CURIAM

Jason Sheppard, proceeding pro se, has filed a petition for a writ of mandamus

asking us to refer his claims of criminal wrongdoing to a grand jury for prosecution.  For

the reasons that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In August 2011, Sheppard pleaded guilty in Western District of Pennsylvania to one count of wire fraud. The District Court granted a motion by Sheppard's lawyer, Gary Gerson, to withdraw as counsel. Represented by new counsel, Sheppard was sentenced to 55 months in prison and ordered to pay more than $1.5 million in restitution. Sheppard's appeal was dismissed after the Government moved to enforce an appellate waiver in the plea agreement.

In November 2013, Sheppard filed a motion pursuant to 28 U.S.C. § 2255 in District Court raising a claim of ineffective assistance of counsel. The District Court granted the Government's motion to dismiss the § 2255 motion based on the plea agreement's waiver of collateral-review rights. We denied Sheppard's motion for a certificate of appealability. In our order, we also denied Sheppard's request for a remand to District Court to raise a new claim that Gerson had a conflict of interest when he represented Sheppard. Sheppard claimed that Gerson represented his former employee in a driving-under-the-influence matter and that this individual provided information about him to the FBI. In denying a remand, we explained that Sheppard had already raised this claim in a second § 2255 motion, that the District Court had denied the motion as second or successive, and that Sheppard did not appeal. We also stated, among other things, that Sheppard had not shown that his new claim had sufficient merit to warrant a remand in the interests of justice. See United States v. Sheppard, No. 14-1829 (order entered on February 5, 2015).

2

In addition to the second § 2255 motion filed during the pendency of his appeal, Sheppard has filed two more § 2255 motions in District Court, two applications pursuant to 28 U.S.C. § 2244 for leave to file a successive § 2255 motion, and two purported Rule 60(b) motions. All of Sheppard's filings asserted that plea counsel, Gerson, had a conflict of interest and that the Assistant United States Attorney, who allegedly knew about the conflict, engaged in prosecutorial misconduct. All of Sheppard's filings have been denied. Sheppard has also previously sought a writ of mandamus to compel the District Court to refer Sheppard's allegations of conflict of interest and prosecutorial misconduct to a grand jury for investigation. We declined to issue the writ. See In re Sheppard, 648 F. App'x 175 (3d Cir. 2016).

Sheppard now seeks a writ of mandamus requesting that we order the prosecution of two District Judges, Assistant United States Attorney Brendan Conway, Special Agents Henry Waldheim and Neal Caldwell, Gerson, and two attorneys for the Disciplinary Board of the Supreme Court of Pennsylvania. Sheppard contends that Gerson's client provided information to the FBI in exchange for the dismissal of her DUI charge. He asserts that the FBI agents, the Assistant United States Attorney, and a District Judge knew about the conflict of interest and failed to disclose this information to him during his criminal proceedings. Sheppard complains that his filing against Gerson, filed with the Disciplinary Board, did not result in discipline for Gerson. In Sheppard's view these enumerated actions obstructed justice and warrant criminal prosecution.

3

We will deny the petition for writ of mandamus. Our authority derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is granted only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). It may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)). To obtain this extraordinary remedy, a petitioner must show both a clear and indisputable right to the requested relief and that he has no other adequate means to obtain it. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Neither we nor the District Court have the authority to institute criminal proceedings. Instead that power is vested with the United States Attorney. See United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."); 28 U.S.C. § 547. Sheppard's petition presents the same arguments that have repeatedly been rejected by this Court and the District Court. Sheppard has not shown a clear and indisputable right to the issuance of a writ.

Accordingly, we will deny the petition for a writ of mandamus.